UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NELSON BOON,
SUSAN BOON,

          Plaintiffs,

   v.                                                      Case No. 12-C-909

GRAY & ASSOCIATES, LLP,
CHRISTOPHER C. DROUT,
DAVID M. SAMSON, MARK A. CLAUSS,
AMY KIEFFER, QUARLES & BRADY, LLP,
DAVID P. MUTH, JOHN REMINGTON,
BLANK ROME, LLP, MICHAEL J. MEEHAN,
CHARLES H. CONSTANTINE, JUDGE
GERALD P. PTACEK, JUDGE
BANK OF AMERICA, N.A., BRIAN T. MOYNIHAN, CEO,
BRUCE R. THOMPSON, CFO,
BAC HOME LOANS SERVICING, LP
a/k/a Countrywide Home Loans Servicing LP,
RACINE COUNTY, TYSON FETTES,
CHRISTOPHER SCHMALING,
JOHN DOE (1-30), JANE DOE (1-30),

          Defendant.

DECISION AND ORDER GRANTING MOTIONS TO DISMISS (DOCS. 11, 37, 39, 43, 57) AND DISMISSING CASE

Nelson Boon and Susan Boon[1] filed this lawsuit against a host of defendants. Allegedly, each defendant is somehow related to the foreclosure action involving property at 4501 96th Street, Franksville, Racine County, Wisconsin.

---

[1] Although the Complaint is captioned with the names "Nelson & Susan Boon," the Boons signed the Complaint with signatures of "Nelson E. Boon Jr. ®2011" and "Susan Bernice Boon ®2011." It is unclear what they intend by the registered trademark symbol. In an "Affidavit of Non Corporate Status" each of the plaintiffs identifies himself or herself as "Nelson-Edward Jr. :Boon aka Nelson Edward Jr. Family Boon aka Nelson Edward Boon Jr." and "Susan Bernice (Smith) :Boon aka Susan Bernice Family Boon aka Susan Bernice Boon." (Doc. 49 ("Request to Take Judicial Notice") attach. 1, attach. 2.) Again, it is unclear what they intend by the various forms of identification. In the affidavits, they state that they each are "one of the People of these united [sic] States of America, being a creation of God, born of a Woman and Man, being a child of the MOST HIGH (YAHWEY), YHWH; and heir of the King, Yahshua" and "a living, breathing, sentient being on the land, a Natural Individual," and they refer to each plaintiff's "body/vessel." (*Id.*) To clarify, the court will address the plaintiffs as "Nelson Boon" and "Susan Boon" or "the Boons," but such reference encompasses all capacities they invoke, any alter egos they have or believe they have created, and all versions of their identification and existence.

According to the Complaint and the attachments thereto, BAC Home Loans Service, LP (f/k/a Countrywide Home Loans Service, LP), sued The Susan B. Boon Revocable Trust and other defendants, including "John Doe Boon and Jane Doe Boon and such other unknown trustee and/or beneficiaries of the Susan B. Boon Revocable Trust" in Racine County Circuit Court, seeking judgment of foreclosure on the property. (Doc. 1 Ex. A.) The case was given the number 11CV1812. An attorney at Gray & Associates, LLP, Christopher Drout, signed the Racine County complaint for BAC. (*Id.*) Other Gray & Associates attorneys, David Samson, Mark Clauss, and Amy Kieffer, played some part in prosecuting the case. For instance, Kieffer appeared at the sale confirmation hearing on August 9, 2012. (*Id.* Ex. D.)

It appears that Bank of America, N.A., succeeded to the rights of BAC following a merger. BofA's attorneys were from Quarles & Brady, and included David Muth and John Remington. Muth filed motions and briefs in the foreclosure case (*Id.* Exs. B, C) and Remington appeared at the confirmation hearing (*Id.* Ex. D). According to documents attached to the Boons' Complaint, Judge Charles Constantine granted judgment of foreclosure relating to the property and Judge Gerald Ptacek confirmed the sheriff's sale. (*Id.* Ex. D.)

The Boons now sue both judges, BAC, BofA, the two law firms and their various attorneys, the law firm Blank Rome LLP and Michael Meehan from that firm, BofA's Chief Executive Officer and Chief Financial Officer, Racine County, the Racine County Sheriff and Register of Deeds, as well as sixty John and Jane Does. Through various motions and joinder in those motions, all named defendants now move for dismissal. The law firm defendants, attorney defendants, Bank of America, NA (on its own behalf and as

2

successor to BAC Home Loans Servicing, LP, and the Racine County defendants move to dismiss based on (1) failure to state a claim under Fed. R. Civ. P. 12(b)(6); (2) claim preclusion; and (3) abstention under the *Rooker-Feldman* doctrine. The Racine County defendants argue failure to state a claim, claim preclusion, *Rooker-Feldman*, quasi-judicial immunity, and lack of a policy or custom for municipal liability. The judges argue claim preclusion, *Rooker-Feldman* abstention, plus Eleventh Amendment immunity and judicial immunity.

(1)     Failure to State a Claim

A Fed. R. Civ. P. 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which relief may be granted. The complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, enough facts must be set forth to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). In other words, Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.* "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Second, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the

3

plaintiff pleads itself out of court." *Concentra Health Servs.*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14).

When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court does not accept legal conclusions couched as factual allegations; more than labels and conclusions is required. *Bell Atl. Corp.*, 550 U.S. at 555.

Here, the Complaint is long on invocations of law, argument, and conclusory charges of wrongdoing. But it is extremely short on facts. The facts alleged include that a case was filed in Racine County Circuit Court by BAC Home Loans Service, LP, by Drout of Gray and Associates, against the Trust of Susan Boon. The Boons were not named as defendants and were never served with the complaint in that case. Muth filed briefs that pointed out that Nelson Boon is not an attorney, whereas Remington appeared at a hearing and noted that Boon is neither a party to the action nor a lawyer. (Doc. 1 at 4-5, 13.)

The Boons submit that they signed an unconscionable contract to purchase property at 4501 96th Street in Franksville, Wisconsin, and there was no exchange of money for a loan. (*Id.* at 5-6.) Additionally, they assert the named defendants participated in the Racine Circuit Court case, which was a foreclosure case resulting in a sheriff's sale on July 17, 2012. (*Id.* at 7.)

Alone, these contentions appear to be insufficient to assert plausible claims under the *Bell Atlantic* standard. However, the plaintiffs proceed pro se, and pro se filings are given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Moreover, attachments to the Complaint fill in some gaps. Attached to the pending

4

Complaint here are the Racine County complaint, which shows the foreclosure claims against the Susan B. Boon Revocable Trust and others; copies of the note and mortgage signed by the Boons and promising to pay $220,400 to Countrywide Bank, FSB and securing the property at 4501 96th Street; briefs filed by Bank of America, N.A. as successor to BAC Home Loans Servicing, L.P. (formerly known as Countrywide Home Loans Servicing, LP) in the foreclosure case; and, most helpfully, the order by Judge Constantine granting default judgment against the Susan B. Boon Revocable Trust and a transcript from the confirmation-of-sale hearing before Judge Ptacek. These attachments make the Boons' complaints of wrongdoing more apparent; it is relatively clear that the Boons are claiming the defendants (here) harmed them during the prosecution of and as a result of the state foreclosure case. The Complaint and its attachments set forth enough for the court to determine that other problems exist, requiring dismissal on other grounds than insufficient pleading.

(2)   *Rooker-Feldman* Doctrine

Plaintiffs must clear two independent hurdles to proceed with this action: *Rooker-Feldman*[2] and claim preclusion. As subject matter jurisdiction is a threshold question, the *Rooker-Feldman* issue must be addressed first. *Dookeran v. County of Cook, Ill.*, No. 11-3197, ___ F.3d ___, ___, 2013 WL 1846536, at *3 (7th Cir. May 3, 2013).

Under the *Rooker-Feldman* doctrine, lower federal courts cannot review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005).

---

[2]The *Rooker-Feldman* doctrine comes from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

Lower federal courts simply lack subject matter jurisdiction over actions seeking review of state-court judgments. *Dookeran*, ___ F.3d at ___, 2013 WL 1846536, at *3.

The doctrine precludes lower federal courts from exercising jurisdiction "when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336; *accord Dookeran*, ___ F.3d at ___, 2013 WL 1846536, at *3. "Stated differently, *Rooker-Feldman* is only concerned with 'situations in which the state court's decision is the source of the harm that the federal suit is designed to redress.'" *Dookeran*, ___ F.3d at ___, 2013 WL 1846536, at *3 (quoting *Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013)).

Notwithstanding that the Boons were not named defendants in the Racine County foreclosure action, they were in essence the losing parties there. The docket in the present case reflects that the Boons' address is 4501 96th Street, Franksville, Wisconsin, meaning that they are living in the house that was foreclosed upon (even after the confirmation hearing). Further, in filings before this court the Boons suggest that the Trust deeded the property back to the Boons around the time of the sheriff's sale and the confirmation hearing, so the Boons' interest in the property is affected by the state-court judgment against the Trust regarding the property. (*See* Doc. 64 at 5 ("The deed was transferred [from the Boons] to The Susan B. Boon Revocable Trust on January 15, 2009, and transferred back to Nelson and Susan Boon on June 27, 2012, which would make the Sheriff's sale ineffectual and having no legal force or binding effect . . . .").)

In addition, the Boons seek this court's review of the state-court case, and they claim that the foreclosure case is the source of all of the harms they now assert. They

6

Case 2:12-cv-00909-CNC   Filed 05/22/13   Page 6 of 11   Document 73

complain here that they were not named or served as defendants in the state-court case and were not allowed to present their (or the Trust's) case because they were not attorneys, resulting in numerous constitutional and federal-law violations by the defendants. A judgment in the Boons' favor in the present case—such as a finding that their due process rights were violated by the judges—would draw into question the validity of the state-court judgment. And notwithstanding that the Boons seek monetary damages and punitive damages, they also seek "such other relief deemed to be just and equitable" (*e.g.*, Doc. 1 at 8), suggesting that they may also like the state-court judgment to be invalidated, which this court cannot do.

In opposition to the motions to dismiss the Boons admit that "[t]he immediate case arises from a Foreclosure procedure, Case No. 11CV1812." (Doc. 52 at 3.) They discuss the failure of service upon them in the foreclosure case, and they add that they attempted to satisfy the outstanding balance of the loan through an electronic funds transfer using what looks like a personal check from a Melvin Anthony Jr. for $246,000 marked "EFT Only For Discharge of Debt," but BofA and BAC did not accept it. (Doc. 52 Ex. B.) Information on any such payment attempts is immaterial unless the Boons are attacking the foreclosure judgment. Then the Boons invoke the maxim that a judgment is void if the court that rendered the judgment lacked jurisdiction or acted in a manner inconsistent with due process. (Doc. 52 at 6.) They assert that by refusing to accept the electronic funds transfer BofA made any contract void and destroyed the court's jurisdiction. (*Id.* at 7.) In an additional opposition brief, the Boons conclude that the defendants here "have conspired and fraudulently transferred the property" (Doc. 64 at 9), but the foreclosure judgment provides otherwise.

7

In sum, the Boons are attacking the state-court foreclosure judgment, and this court cannot review that judgment. Thus, the entire case must be dismissed for lack of subject matter jurisdiction.[3]

(3) Claim Preclusion

In the event this court is incorrect that the *Rooker-Feldman* doctrine applies to the present case, an alternate basis mandates dismissal of the claims against all defendants except Amy Kieffer and the John and Jane Does: claim preclusion.

This court applies the preclusion rules of the state in which the prior judgment was entered; therefore, it gives a Wisconsin state-court judgment the same preclusive effect it would have in Wisconsin courts. *See Dookeran*, ___ F.3d at ___, 2013 WL 1846536 at *4. Under Wisconsin law, "a final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions or occurrences." *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 233 (1999). A subsequent action is barred under the doctrine of claim preclusion if (1) identity exists between the parties or their privies in the prior and present lawsuits; (2) the prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity exists between the causes of action in the two cases. *Id.* at 233-24.

Element (1) is met. On August 8, 2012, Nelson E. Boon and Susan B. Boon, with the address of 4501 96th Street in Franksville, Wisconsin, sued all of the defendants in the present case except Amy Kieffer and the John and Jane Does. The case was filed in Racine County Circuit Court and given the number 12CV2076. The Quarles & Brady

---

[3]The *Rooker-Feldman* problem applies to any claims against Doe defendants as well.

8

defendants included a copy of the complaint from that case with their motion to dismiss (Doc. 12 Ex. G), and this court takes judicial notice of it. Regardless of which version of their names the Boons used, the court finds that they are the same individuals (or vessels, bodies or entities) who brought case number 12CV2076.[4]

Element (2) is met. On October 23, 2012, Racine County Circuit Judge John S. Jude granted motions to dismiss case number 12CV2076. One order granted the defendants' motions to dismiss and provided that the "lawsuit [was] dismissed on the merits and with prejudice." (Doc. 56 Ex. 1 at 1.) Another order dismissed the action against Judges Constantine and Ptacek on alternate grounds, one of which was absolute judicial immunity. (*Id.* at 4.) Claims against Gray & Associates, Drout, Samson, and Clauss were dismissed with prejudice. (*Id.* at 2.) At the end of one of the orders dismissing various claims he wrote: "This is the final order for purposes of an Appeal." (*Id.*) At the end of the order dismissing the claims against the judges, Judge Jude wrote that the document was "a final order for purposes of an appeal." (*Id.* at 4.) A review of the Wisconsin Circuit Court Case Access System indicates that notices of the entry of the final order issued on November 2 and November 5, 2012. Thus, Racine County case number 12CV2076 was adjudicated on the merits to final judgment.

The Boons argue that the judges in the foreclosure case had no jurisdiction, but the court has not found an argument that Judge Jude did not have jurisdiction. In any event, Racine County Circuit Court judges appear to have jurisdiction over civil actions filed by

---

[4] In addition, in June 2011, Nelson Boon filed another case against Drout, Gray & Associates, and BAC, in this court, seeking this court's intervention in the foreclosure case and an injunction against the foreclosure taking place. *Boon v. Drout*, Case No. 11C634 (E.D. Wis. filed June 29, 2011). As Racine County case number 12CV2076 provides a basis for claim preclusion against almost all defendants, the court has not addressed the preclusive effect of this prior federal case.

9

Racine County residents in state circuit court. In response to defendants' motion the Boons provide nothing persuasive that Judge Jude lacked authority to dismiss the case.

Finally, element (3) is met. A review of the complaint in Racine County case number 12CV2076 establishes that the cases arise out of the same facts and transaction, and the cause of action is identical. Substantial portions of the Complaint in this case are verbatim replicas of portions of the case number 12CV2076, unique phrases included. The Boons asserted in Racine County case number 12CV2076 that they were not served in the foreclosure case filed by Christopher Drout of Gray and Associates (Doc. 12 Ex. G at 3); the Boons signed an unconscionable contract to purchase the property at 4501 96th Street in Franksville, Wisconsin (*id.* at 4); there was no exchange of money for a loan (*id.*); and all of the named defendants participated in the Racine County foreclosure case, resulting in a sheriff's sale on July 17, 2012 (*see id.* at 6). All of the factual assertions relate to the same transaction alleged in the present case, i.e., the proceedings in the earlier foreclosure case, 11CV1812. And identical to the present case, the Boons alleged and argued violations of 42 U.S.C. §§ 1983 and 1985, conspiracy, malicious abuse of process, conspiracy under 18 U.S.C. §§ 241 and 242, intentional and infliction of emotional distress. (*Compare* Doc. 1 *with* Doc. 12 Ex. G.) Although the Complaint in the present case adds claims of unjust enrichment and theft, the Boons could have brought those claims in case 12CV2076.

(4)   Immunity and Municipal Liability

Because at least two grounds for dismissal of the claims against the judges and Racine County defendants already exist, the court need not address the Boons's additional arguments regarding immunity and municipal liability.

10

Based on the foregoing,

IT IS ORDERED that the motions to dismiss filed and joined by all named defendants (Docs. 11, 37, 39, 43, 57) are granted and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE